UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NEIL CARTER,<br><br>    Defendant. | Docket No. 04-10397-JLA |

---

### Government's Position on Sentencing

---

The United States of America, by and through Robert J. Livermore, Trial Attorney, U.S. Department of Justice, Tax Division, submits its position on the sentencing of Neil Carter which is scheduled for April 12, 2005 before the Honorable Joyce London Alexander.

On February 24, 2005, Carter pleaded guilty filing a false document with the Internal Revenue Service in violation of 26 U.S.C. § 7203, which is a misdemeanor offense. The document in question is the corporate income tax return of Redwood, Ltd., for tax year 1997. As thoroughly described in the presentence report, the tax return includes both false income and false deductions resulting in no tax loss.

As concerning to the Government as the filing a false tax return is Carter's testimony during the trial of fellow Tower member John Mikutowicz. As described in more detail in the presentence report, both the Government and Carter agree that his

testimony in the Mikutowicz trial concerning the income of Redwood, Ltd., was inaccurate. Carter's position is that he made an honest mistake and that he was merely repeating what he had been advised by others concerning the transactions in question. The Government's position is that he lied intentionally in order to assist in Mikutowicz's defense and to protect himself from being charged in the same manner. This position is evidenced from Carter's own testimony during the trial. He asserted that he was testifying because he believed that Mikutowicz had been falsely accused. (Day 9, Page 94, Lines 11-20.) Carter naturally felt a need to protect Mikutowicz because Carter introduced Mikutowicz to the Tower program. If Carter had admitted the truth during the trial, as he has admitted the truth in this plea agreement, Carter would have acknowledged that the Redwood, Ltd., 1997 income tax return was not accurate, thereby incriminating himself, and potentially assisting in the prosecution of Mikutowicz. Carter's own testimony establishes his motive and intent in falsely testifying and misleading the jury.

It is a fundamental principle of our system of justice that a witness must testify truthfully during trial. Both the Government and John Mikutowicz were entitled to a fair trial, a trial free from witnesses testifying with an agenda to mislead the jury. Carter was sworn to tell the truth and he did not. He

2

intentionally mislead the jury to protect himself and John Mikutowicz. Neither the Government nor the Court can tolerate this type of conduct, therefore, Carter must be held accountable for his actions. For these reasons, the Government believes that a two level enhancement for obstruction of justice is warranted, as described the presentence report.

With or without the enhancements sought by the Government, Carter remains in Zone A of the federal sentencing guidelines and is eligible for probation. Although the federal sentencing guidelines are no longer mandatory, the Government recommends that the Court to impose a sentence consistent with the federal sentencing guidelines. The guidelines serve an important purpose in our criminal justice system in ensuring that similarly situated defendants receive similar sentences.

In this case, the Government does not believe that an active period of incarceration is necessary. An alternative sentence, such as a period of home detention as a condition of his term of probation, would be sufficient punishment for his actions and allow him to continue working to support himself. The Government notes that since Carter has retained present counsel, he has been cooperative and has provided information and documents which have been useful in the prosecution of the Tower promoters. While this cooperation does not rise to the level of substantial assistance as defined by DOJ guidelines, the Court can take this

factor into consideration in fashioning his sentence within the guideline range. Furthermore, if the Court decides to impose a fine, the Government recommends that Carter be fined towards the low end of the guidelines, given his present financial condition. The Government notes that Carter's financial condition has been strained over the years and that most of the money which Carter sent offshore through the Tower program was stolen from him. Thus, the Government recommends that the court impose a sentence which includes a period of home detention.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  Robert J. Livermore
     Trial Attorney
     U.S. Department of Justice
     Tax Division

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of April 2005, a copy of the foregoing Government's Position on Sentencing was faxed to:

Theodore Craft, Esq.
Counsel for Neil Carter

U.S. Attorney's Office